UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| BRENDA DICKEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO:  `5:10CV-90-R` |
| | ) |
| CARDIOLOGY ASSOCIATES | ) |
| OF PADUCAH, P.S.C., | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case

1.      This is an action brought by Plaintiff, Brenda Dickey (hereinafter "Dickey"), by counsel, against Defendant, Cardiology Associates of Paducah, P.S.C. (hereinafter "Defendant"), pursuant to the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq, as amended, 42 U.S.C. § 1981a  and Kentucky Revised Statute ('KRS") 344.010 et. seq.

### II.  PARTIES

2.      Dickey, at all times relevant to this litigation, resided in McCracken County, Kentucky, which is within the geographical boundaries of the Western District of Kentucky.

3.      Defendant is a Professional Services Corporation that conducts business in McCracken County within the Western District of Kentucky.

### III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367, 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(f)(3).

5.      Plaintiff's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.      Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b) and KRS344.030(2).

7.      Dickey was an "employee" within the meaning of 42 U.S.C. § 12111(4), 42 U.S.C. § 2000e(f) and KRS344.030(5).

8.      Dickey has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

9.      Dickey is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) and KRS 344.040(1).

10.     Dickey satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging retaliation and discrimination based on her disability.  Dickey received the appropriate Notice of Right to Sue and brings this original action within ninety (90) days of her receipt thereof.

11.     All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Western District of Kentucky, thus, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

12.     Dickey was hired by Defendant in or about April 2004 as the Front Desk Secretary; however, after approximately three months, she joined the Billing Department as a Coder.

13.     Dickey suffers from a physical impairment that substantially limits her in one or more major life activities, including, but not limited to, the ability to eliminate waste.  Despite these limitations, Dickey could perform the essential functions of her position with or without an accommodation.

14.     In or about the summer of 2009, Dickey participated in the investigation of a Christie Kincaid's, a co-worker, claim of sexual harassment by her supervisor.

15.     In or about August 2009, Defendant asked Dickey to be interviewed by their attorney regarding Kincaid's allegations.  Dickey informed the Defendant that she would be providing information that supported Ms. Kincaid's allegations.

16.     On or about September 24, 2009, Dickey requested an accommodation to allow her to take time off for an upcoming surgery related to her disability.  In her request, Dickey noted that her surgery was on October 26, 2009 and that she may need up to three weeks to recover and return to work.

17.     On or about October 13, 2009, Dickey was informed that Mr. Provost, her supervisor and the individual alleged to have sexually harassed Kincaid, harbored bad feelings toward her for not supporting the company with regard to the Kincaid's allegations.

18.     On or about October 13, 2009, Dickey was informed that Defendant would not accommodate her surgery; rather, it would only provide her three days off for her upcoming surgery.

19.     Defendant failed to engage in the interactive process in good faith and refused to provide Dickey with an accommodation that would allow her to continue working.

20.     On or about October 14, 2009, Dickey reported that Provost's ill will toward her because she refused to support the company in regard to Kincaid's allegations of sexual

harassment and that another female, Gloria Fettrell, receives more favorable treatment from Provost.

21.     On or about November 2, 2009, Defendant terminated Dickey's employment allegedly for excessive absenteeism.

22.     Defendant did not replace or fill Dickey's position prior to the date upon which she could have returned to work.

23.     Similarly situated non-disabled and/or employees who engaged in similar or more egregious conduct have been treated more favorably by Defendant.

## V.  LEGAL ALLEGATIONS

### COUNT I: RETALIATION

24.     Dickey hereby incorporates paragraphs one (1) through twenty-three (23) of her complaint as if the same were set forth at length herein.

25.     Dickey engaged in 'protected activity' as those terms are defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., 1981a.

26      Subsequent to Dickey engaging in protected activity, Defendant retaliated against her by terminating her employment.

27.     Defendant's conduct was deliberate, willful, and in reckless disregard for Dickey's  rights as protected by Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., as amended, 42 U.S.C. § 1981a and the Kentucky Civil Rights Act.

28.     Dickey suffered damages as a result of Defendant's unlawful conduct.

### COUNT II: DISABILITY DISCRIMINATION

29.     Dickey hereby incorporates paragraphs one (1) through twenty-eight (28) of her complaint as if the same were set forth at length herein.

30.     Defendant's violated Dickey's rights by failing to accommodate her and subjecting her to disparate treatment because of her disability.

31.     Defendant's actions were intentional, willful and in reckless disregard of Dickey's rights as protected by the ADA and KRS 344.040.

32.     Dickey has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Brenda Dickey, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Payment to Dickey of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

2.     Reinstate Dickey to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Dickey of front pay in lieu thereof;

3.     Payment to Dickey of compensatory damages;

4.     Payment to Dickey of punitive damages for Defendant's violation of Title VII and/or the ADA;

5.     Payment to Dickey of pre- and post-judgment interest;

6.     Payment to Dickey of all costs and attorney fees incurred in litigating this action; and

7.     Provide to Dickey any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III
Kentucky Attorney No. 91190
411 Main Street
Evansville, Indiana 47708
Telephone:      (812) 424-1000
Facsimile:      (812) 424-1005
Email:          ad@bdlegal.com
*Attorneys for Plaintiff, Brenda Dickey*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Brenda Dickey, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

BIESECKER & DUTKANYCH

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III
Kentucky Attorney No. 91190
411 Main Street
Evansville, Indiana 47708
Telephone:      (812) 424-1000
Facsimile:      (812) 424-1005
Email:          ad@bdlegal.com
*Attorneys for Plaintiff, Brenda Dickey*